1  ROBERT S. ARNS (SB # 65071)
2  MORGAN C. SMITH (SB# 168146)
   STEVEN R. WEINMANN (SB# 190956)
3  **THE ARNS LAW FIRM**
   515 Folsom Street, 3rd Floor
4  San Francisco, CA 94105
   Tel:   (415) 495-7800
5  Fax:   (415) 495-7888

6  KATHRYN A. STEBNER (SB #121088)
7  **STEBNER AND ASSOCIATES**
   870 Market Street, Suite 1212
8  San Francisco, CA  94102
   Tel:   (415) 362-9800
9  Fax:   (415) 362-9801

10
   Attorneys for Plaintiffs
11 MARION E. COIT on her behalf and
   on behalf of others similarly situated,
12
13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15 MARION E. COIT on her behalf and          )   **No. C 08-02585 JCS**
16 on behalf of others similarly situated,   )
                                             )
17                Plaintiffs,                )   **MEMORANDUM OF LAW IN**
                                             )   **SUPPORT OF MOTION TO**
18 vs.                                       )   **REMAND**
                                             )
19 FIDELITY ASSURANCE ASSOCIATES,            )   **DATE: AUGUST 1, 2008**
20 LLC; FIDELITY OF GEORGETOWN,              )   **TIME: 9:30 AM**
   INC.; FINANCIAL SERVICES                  )   **DEPT:**
21 CONSULTANTS, INC.; MILLS,                 )   **Courtroom A, 15th Floor**
   POTOCZAK & COMPANY; DULUDE &              )
22 CARMOUCHE, INC.;  RICHARD H.              )
23 GUILFORD; BRAD C. THOMPSON;               )
   BRENDA TLUCZEK; WILLIAM J.                )
24 CARMOUCHE; ESTUKO DULUDE; F.              )
25 NEIL THOMPSON; ANTHONY FEUER              )
   and DOES 1 to 500, inclusive              )
26                                           )
                                             )
27                Defendants.                )
   ─────────────────────────────────        )
28

                              -i-

# TABLE OF AUTHORITIES

## CASES

*Abrego Abrego v. The Dow Chemical Co.* (9th Cir. 2006) 443 F.3d 676 -------------------- 7

*Davis v. Chase Bank U.S.A.*, 453 F.Supp. 2d 1205, 1208 (C.D. Cal. 2006) ------------- 14

*Estate of Pew v. Cardarelli*, No. 5:05-CV-1317, 2006 WL 3524488, at *5 (N.D.N.Y. Dec. 6, 2006) ------------------------------------------------------------------------- 13

*Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) ------------------------------------------ 6, 10

*General Telephone Co. v. E.E.O.C.* (1980) 446 U.S. 318, 330 ------------------------------ 8

*Gerton v. Vestin Realty Mortgage II Inc.*, 2007 WL 951838 (S.D. Cal. March 9, 2007) 12

*In re Textainer Partnership Securities Litigation*, 2005 WL 1791559 (N. D. Cal. July 27, 2005) ------------------------------------------------------------------------------------- 13

*Levine v. BIC USA, Inc.*, 2007 WL 2406897 (S.D. Cal. August 20, 2007) ---------------- 6

*Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994 (9th Cir. 2007)---- 8, 11

*Lowery v. Alabama Power Company*, 483 F.3d 1184, 1120 (11th Cir. 2007) ----------- 10

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ------------------- 7

*Serrano v. 180 Connect, Inc.* (9th Cir. 2007) 478 F.3d 1018 --------------------------------- 7

*Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.R.D. 373, 375 (9th Cir. 1997) ------------ 6

*Singer v. State Farm Mutual Ins. Co.*, 1156 F.3d 373, 374 (9th Cir. 1997) ---------------- 9

*Williams v. Texas Commerce Trust Co.*, 2006 WL 1696681 (W.D. Mo. June 15, 2006) 14

## STATUTES

Cal. Code Ins. § 10113.2 ------------------------------------------------------------------------- 5

Corp. Code § 25503 ------------------------------------------------------------------------------- 5

Corp. Code §25102 -------------------------------------------------------------------------------- 5

Corp. Code §25110 -------------------------------------------------------------------------------- 5

## OTHER AUTHORITIES

1 Newberg and Conte, Newberg On Class Actions, § 3:5 (West 4th Ed. 2002) ----------- 8

## REGULATIONS

Cal. Code Regs. §25023 -------------------------------------------------------------------------- 5

Cal. Code Regs. Tit 10 §2548.2 ----------------------------------------------------------------- 5

Corp. Code § 25023 ------------------------------------------------------------------------------- 5

# I.    INTRODUCTION

This class action case was filed in the Superior Court of the State of California in and for the County of Alameda.  Plaintiff Marion Coit brings this action on behalf of herself and a putative class of persons who purchased viatical settlements from the various defendant entities, with the help of the various individual defendants. Defendant Fidelity Assurance Associates, one of the principal defendants, removed this case to this Court based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

Plaintiff moves to remand the action, on the grounds that (a) the jurisdictional requirements of CAFA are not met, and (b) that the exception under CAFA for cases which "solely involve" a security is applicable.  As to the first point, CAFA requires that the class number more than 100 persons, that there be minimal diversity between the plaintiffs and the defendant, and that the amount in controversy exceeds $5,000,000. Plaintiff does not dispute that there is minimal diversity.  However, she does dispute there is evidence that the class exceeds 100 persons or that the amount in controversy has been shown to exceed $5,000,000.   Defendants have not met their burden to show there is such evidence in their removal notice.

It is also plain that this action arises out of, and "solely involves" a security. Mrs. Coit's claim is on behalf of all persons in California who purchased viatical settlements as investments from defendant Fidelity Assurance in the last four years. Such viatical settlements, are "investment contracts" and thus "securities."  As neither Ms. Coit nor any of the Class Members would have any cause of action but for their

purchase of such settlements, the action as a whole "solely" involves a "claim relating to the rights, duties, and obligations relating to" such security, within the meaning of CAFA, 28 U.S.C. § 1332(d)(9).

This Court should remand this action for lack of federal jurisdiction.

## II.    STATEMENT OF FACTS

Plaintiff Marion Coit is a California resident, who was at all relevant times over 65 years of age.   She purchased several interests in "viatical settlements" from defendants and/ or their agents.  A viatical settlement, is an interest in the life insurance proceeds which will be payable upon the death of the "viator," or the person whose life is being insured.  Typically, viatical settlements are sought by viators who have a short life expectancy, due to either age or having a terminal disease (such as AIDs or cancer), and who wish to receive a cash sum immediately and thus sign over their life insurance policies to third parties.   Third parties invest in such contracts, in order to obtain investment returns and also with the knowledge that those persons whose lives are insured, are thereby able to enjoy the monies they receive in the short time they have left.  Upon the death of that person ("the Viator") the individual who made the cash payment receives the proceeds of the insurance policy.  Defendants engaged in the business of selling fractional interests in such policies to persons such as plaintiff and other class members.

Plaintiff purchased her investments through defendant Fidelity Assurance Associates, LLC ("Fidelity"), a Delaware Corporation that is in the business of selling

viatical interests.   Class Action Complaint ("Compl."), ¶2.   The other defendants include Fidelity of Georgetown, Inc., another Delaware Corporation in the business of selling viatical interests; ¶3; Financial Services Consultants, Inc., a company run by defendant F. Neil Thompson, which consults and operates with Fidelity, Compl. ¶ 4; defendant Mills, Potoczak & Company("MILLS"), an Ohio corporation which managed the trust accounts for the various viatical interests purchased by the Plaintiff Coit. Compl. ¶5.   Defendant Dulude & Carmouche, Inc.   ("Dulude") is a California Corporation that is in the business of selling viatical interests. Compl. ¶ 8.

F. Neil Thompson is the Vice President for Fidelity and is the Fidelity Agent who sold the subject viatical Settlements to Plaintiff Coit. Compl. ¶12.1 Plaintiff Coit purchased three separate viatical interests, through defendant Thompson.   These included a "Purchase Authorization Agreement" (PAA) with Fidelity, for a $100,000

---

1 The other individual defendants include Richard H. Guilford, a resident of the Commonwealth of Virginia, and the Chairman and the Managing Member of Fidelity and a former director of FIDELITY ASSURANCE, LTD d/b/a FIDELITY ASSISTANCE, INC. (predecessor to Fidelity) and non-defendant Beneficial Assistance, Inc. ("Beneficial," another Fidelity predecessor company) beginning in September 11, 1998 and continuing at least until the year 2000; Compl. ¶6; defendant Brad C. Thompson, a resident of the state of Maryland, a Certified Public Accountant in Maryland and a director, shareholder and executive officer of Beneficial, and former President and Managing Member of Fidelity from November 18, 1997 through 2000; ¶7; defendant Brenda Tluczek aka Brenda Carmouche, an officer of DULUDE, as well as a member of the board for Fidelity and resident of California; defendant William J. Carmouche, a Vice President for Fidelity  and resident of California, ¶¶ 9, 10; defendant Estuko Dulude aka Etsuko Reeves, a member of the board for Fidelity and resident of California, ¶11; and defendant Anthony Feuer, an Agent for Fidelity selling viatical interests to Plaintiffs and resident of California, Compl. ¶ 12.

interest in a viatical settlement which was to pay $160,000 after an estimated 48 months; in effect, 40 percent of a $400,000 insurance policy. Compl., ¶ 145. The policy was for an unnamed, 78 year old woman, said to have a life expectancy of 48 months. Compl. ¶ 146.    She then purchased a second PAA from Fidelity, for an additional interest in the same VS, in the form of an additional 26% interest, purchased for $66,000. Compl. ¶147. Ms. Coit entered into a third PAA, for $64,764.33, giving her a 69.08 % interest in a VS policy of $150,00. Compl., ¶149.

At all times, Ms. Coit's personal assets, were such that the investments in each of the viatical settlements, exceeded 10 percent of those assets as defined in California Corporations Code section 25110. Compl., ¶¶145,147,149.

Plaintiff was alerted to problems with the interests that she had bought, when she was asked in August of 2007 by defendant Mills to pay additional monies to keep the insurance policies from lapsing on the viator who had the $400,000 policy. Compl., ¶ 151. Ms. Coit was asked by Mills to pay costs of $5,000 a quarter, or $20,000 a year, to keep the policy in effect. Compl., ¶ 151. After some investigation, it was discovered that the life expectancies for the two persons as to whom she had purchased VS interests, were in fact much longer than Ms. Coit had been led to believe. In fact, the 78 year old woman was expected to live an additional 10.3 years, instead of the 48 months that Ms. Coit was told, and the 72 year old woman who was the subject of the second policy, had a life expectancy of 14.1 years, not the 48 months Ms. Coit had been told. Compl., ¶¶ 146, 150, 152.

Many of the documents provided by Fidelity to demonstrate the life expectancy of the viators whose policies it was selling interests in, including the ones provided to Ms. Coit, were executed by George Kindness, who was not a medical doctor. Compl., ¶¶27, 146, 148, 150.

Plaintiff alleges that defendants are liable to her and the other members of the putative Class, for the following actions:

1. Mislabeling and misrepresenting the investment product as "viatical" when they are "life settlements" as a matter of law (*See also* Cal. Code Regs. Tit 10 §2548.2, Cal. Code Regs. §25023 and Corp. Code § 25023);

2. Selling viatical Settlements without a license as required by Cal. Code Ins. § 10113.2;

3. Fraudulently concealing the risk of Viatical Settlements;

4. Obtaining fraudulent "Doctor's" reports on the life expectancy of the Viators from persons who are not doctors nor qualified to make the life expectancy determinations as advertised;

5. Failing to disclose adverse tax consequences and possible alternatives to Viatical Settlements, as required Cal. Code Ins. § 10113.2;

6. Engaging in false or misleading advertising, solicitation, or practice as prohibited by Cal. Code Ins. § 10113.2; and

7. Selling of securities that are not qualified, nor exempt, under the Corp. Code §25110, Corp. Code § 25503, including violating the exemption requirements of Corp. Code §25102 by accepting investments with valuations of more than 10% investment of net worth of the investor and violation of State Law, for selling Viatical Settlements to persons that have less than the required net worth requirements.

## III.   THE CASE SHOULD BE REMANDED

The instant action was removed without factual support showing that it met the jurisdictional requirements of CAFA, specifically that the class numbered over 100 and that the total amount in dispute exceeded $5 million.   Under controlling Ninth Circuit authority, this case should be remanded for lack of federal jurisdiction as Fidelity, the removing party, has not carried its burden to establish jurisdiction.  "When a plaintiff institutes the case in state court, there is a presumption against removal." *Levine v. BIC USA, Inc.*, 2007 WL 2406897 (S.D. Cal. August 20, 2007) at *2; *see Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.R.D. 373, 375 (9th Cir. 1997).  Furthermore, "[a]ll doubts and ambiguities are resolved against removal and in favor of remand." Levine, 2007 WL 2406897 at *2.

The case should also be remanded as it falls within one of the exceptions to the federal courts' jurisdiction under CAFA.  The purchase agreements which the Class Members entered into, are without doubt "securities," and the class' claims all arise, one way or another, out of the purchases of such securities and the rights and duties that flow from them.  Therefore, they are "solely involving" securities, and come within the exception in 28 U.S.C. § 1332 (d)(9).

### A. **Fidelity Has Not Met Its Burden Under CAFA To Show That The Class Numbers Over 100 And That The Total In Dispute Exceeds $5 million**

Fidelity removed this action in reliance upon the CAFA, 28 U.S.C. § 1332(d)(2), which provides in relevant part that:

> **The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –**
>
> **(A) Any member of a class of plaintiffs is a citizen of a State different from any defendant.**

A further requirement of jurisdiction under CAFA, is that the Class number at least 100 persons. This is because "CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons...." *Serrano v. 180 Connect, Inc.* (9th Cir. 2007) 478 F.3d 1018, 1020; 28 U.S.C. § 1332(d)(5).

It has been firmly established by the United States Court of Appeals for the Ninth Circuit, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chemical Co.* (9th Cir. 2006) 443 F.3d 676, 683 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-57 (9th Cir. 1992), and *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Thus, the burden is squarely upon Fidelity to prove by a preponderance of the evidence, that the jurisdictional requirements of CAFA have been met.

Plaintiff does not dispute that there is so-called minimal diversity between Plaintiff and the defendants. However, despite requests to counsel, Plaintiff's counsel have seen nothing from Fidelity that establishes the amount in dispute is at least $5,000,000, or that there are 100 members in the putative class. All that Fidelity

provided, in the way of "proof" in its Notice of Removal as to the jurisdictional requirements, was a statement that:\

> "Although Plaintiffs do not plead a specific amount in damages, the following allegations, which are vigorously denied by Defendant, support Defendant's claim that the amount in controversy exceeds $5,000,000:
>
>     a.    Marion Coit invested $166,000 in the viatical settlement that is the subject of the instant litigation. Complaint at ¶¶ 145, 147.
>
>     b.    Plaintiffs allege that 'the number of Plaintiffs within the class is so numerous that joinder is impracticable." Complaint at ¶ 156."

Notice of Removal, at page 4.

Fidelity then simply speculated, "[i]f the class contained only thirty-five (35) members with investments in the amount of or exceeding the $166,000 investment made by Marion Coit, the amount would exceed $5,000,000." *Id.*

Fidelity has failed to carry its burden to establish jurisdiction on both counts. First, it has not alleged that the number of class members exceeds 100 persons, and instead simply argues that "if" there were at least 35, who happened to have investments of an equal or greater amount than Ms. Coit's, the "$5,000,000 threshold would be met. While Plaintiffs have alleged that the class is so numerous that joinder is impracticable, that does not automatically mean that there are 100 or more class members. Indeed, in order to certify a class, it is only necessary to show that it is impracticable, and that has been found to be the case for classes of far less than 100, and indeed, for classes of less than 35 persons. *See, e.g.*, 1 Newberg and Conte, Newberg On Class Actions, § 3:5 (West 4th Ed. 2002)("[T]he difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable....") The courts have consistently held that even classes of as few as 18

to 37 members may suffice. *See General Telephone Co. v. E.E.O.C.* (1980) 446 U.S. 318, 330.

In order to determine what amount is in controversy, "the court should consider in addition to the complaint itself, 'facts in the removal petition and...summary judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994 (9th Cir. 2007), 1004 (quoting *Abrego Abrego*, 443 F.3d at 690, quoting *Singer v. State Farm Mutual Ins. Co.*, 1156 F.3d 373, 374 (9th Cir. 1997)). Here, there are only the amounts pleaded as to Ms. Coit's personal claim, some of which Fidelity has mentioned in its speculation as to the total amount in its removal notice. Even assuming that Fidelity erred in not including the additional amounts invested by Ms. Coit in purchasing her third interest (resulting in a total investment of $230,764.33, rather than the $166, 000.00 stated in the removal notice), Fidelity has not pointed to any allegations in the Complaint, or introduced any "summary judgment-type" evidence by way of declaration or otherwise, which supports removal.

Fidelity's speculation that "**[i]f** the class contained only thirty-five (35) members with investments in the amount of or exceeding the $166,000 made by Marion Coit, the amount in controversy would exceed $5,000,000," is plainly not even an allegation that there **are in fact** at least 35 such members; it is nothing more than a hypothetical. "'[R]emoval 'cannot be based simply upon conclusory allegations' where the ad damnum clause is silent." *Abrego Abrego*, 443 F.3d at 689. Thus, allegations simply generally referring to the complaint and asserting that there is jurisdiction,

> "although attempting to recite some 'magical incantations, neither overcome the 'strong presumption' against removal jurisdiction, nor satisfy[y] [the defendant's] burden of setting forth, **in the removal petition itself,** the underlying facts supporting its assertion that the amount in controversy [is met]"

*Abrego Abrego*, 443 F.3d at 676, quoting *Gaus, supra*, 980 F.2d at 567(emphasis added).

The speculation engaged in by Fidelity, is directly analogous to the speculation which was rejected in *Lowery v. Alabama Power Company*, 483 F.3d 1184, 1120 (11th Cir. 2007). In *Lowery*, the plaintiffs had alleged various causes of action for trespass, negligence, nuisance stemming from discharges into the air and groundwater by a power plant. The issue, as here, was whether the class' claims met the $5,000,000 amount in controversy threshold. The Eleventh Circuit Court of Appeals held in *Lowery*, just as the Ninth Circuit did in *Abrego Abrego*, that conclusory allegations were insufficient, and that the defendant bore the burden of supplying the factual bases supporting jurisdiction by a preponderance of the evidence. 483 F.3d. at 1217-1218. The *Lowery* court also held that the reviewing court, must dismiss the action unless those facts were shown in the documents before it, either the removal notice, or other documents provided by the defendant in certain limited circumstances, such as contract documents which could be used to establish damages. *Id.* at 1214 n. 66. Here, of course, Fidelity has possession of the PAAs with the Class Members, which might assist in establishing the amount in controversy, but has not supplied them or a declaration summarizing their contents as to the sums at issue.

-10-

The *Lowery* Court remanded the case, noting that the removing defendant, Alabama Power, had provided no factual basis that the jurisdictional minimum was met, noting:

> "The defendants' argument is premised on the observation that, to reach the jurisdictional threshold, each of the roughly 400 plaintiffs need only recover, on average, $12,500. It may be true, in light of the nature of the claims, the plaintiffs assert— seeking, among other things, recovery for an ongoing nuisance and punitive damages –that a recovery of $12,500 per plaintiff appears to be a relatively low hurdle. Nevertheless, we fail to see how we can justify a conclusion that the per-plaintiff recovery will exceed even so low a total. To reach such a conclusion, we would necessarily need to engage in impermissible speculation –evaluating without the benefit of any evidence the value of individual claims. The complaint alone cannot satisfy the defendants' burden in proving jurisdiction."

483 F. 3d at 1120. Similarly, in a case in which the Court of Appeals for the Ninth Circuit used the "legal certainty" standard, it was also held that speculation as to the number of class members and the amount of their average damages, was insufficient to avoid a remand to state court. *Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994 (9th Cir. 2007). The Court noted that "[i]f Defendant, who is the only party with access to its employment records cannot more accurately approximate the class size, Plaintiff cannot be expected to plead her case with any more specificity than she did." *Id.* at 1002.

As the party with the information as to how many such investments burden was on Fidelity to come up with factual support, either in Plaintiff's complaint or evidence,

in a form which would be admissible on a motion for summary judgment.  Without

more, this court is obliged to remand the case for lack of subject matter jurisdiction.

### B.  The Case Should Be Remanded Because It Is Within The Exception For Cases Solely Involving A Security

All of the claims brought by Plaintiff, on her own behalf and on behalf of the

Class, arise out of their purchase of viatical settlements.  Such settlements constitute

"securities," even though the Defendants improperly failed to treat or identify them as

such, in violation of California law. Nevertheless, they are certainly "securities" for

purposes of the definition of securities under federal law, and under CAFA.   CAFA

contains an exception to the court's jurisdiction for cases which "solely involve"

securities.[2]  The exception is contained in 28 U.S.C. §1332(d)(9), which provides:

> **Paragraph (2) [the grant of jurisdiction] shall not apply to any class action that solely involves a claim—**
> **\*\*\***
> **(C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).**

This exception was addressed, and held to be applicable, in *Gerton v. Vestin Realty*

*Mortgage II Inc.*, 2007 WL 951838 (S.D. Cal. March 9, 2007).  In *Gerton*, the plaintiffs

were class of investors, alleging breach of contract, breach of the implied covenant of

---

2    Plaintiff  has  the  burden  to  establish  exceptions  to  jurisdiction,  by  a preponderance of the evidence. *Serrano*, 478 F.3d at 1023-1024.

good faith and fair dealing, and elder abuse, all related to a failure to pay monies to

those who had voted against a merger. *Id.*, at *1. The *Gerton* court held:

> A claim "relates to" or is "pursuant to" a security as required by §
> where a party relies entirely on ownership of that security to bring
> an action, and alleges no interest that would allow the party to
> pursue the case other than ownership in that security. *See*
> *Carmona*, 2006 WL 1043987, at *2. "[S]ection 1332(d)(9)(C)
> covers not only rights, duties and obligations conferred by the
> terms of security itself, such as voting rights, but also those rights,
> duties and obligations that are connected with the security."
> *Estate of Pew v. Cardarelli*, No. 5:05-CV-1317, 2006 WL
> 3524488, at *5 (N.D.N.Y. Dec. 6, 2006).
>
> Here, Plaintiffs' claims all arise directly from their membership
> interest in Vestin. Plaintiffs' breach of contract and breach of
> implied covenant of good faith and fair dealing claims arise
> directly from Vestin Realty's alleged failure to pay Plaintiffs their
> pro rata share as security owners in Vestin as required by the
> Operating Agreement. Similarly, Vestin Realty's duty to abstain
> from statutory Elder Abuse is connected with issuing securities
> because Plaintiffs would not be able to assert the claim without
> owning the security. Defendant's argument that § 1332(d)(9)(C)
> covers primarily fiduciary duty claims is too narrow. The plain
> language of the statute, by adding "including fiduciary duties" in
> parentheses, *see* § 1332(d)(9)(C), shows a clear intent to cover
> fiduciary duty claims *in* addition to other claims. Plaintiffs have
> met their burden of showing the § 1332(d)(9)(C) exception
> applies.

2007 WL 951838 at * 3.

The claims brought here, which like in *Gerton* also include elder abuse, similarly

all spring from the same source, the securities issued by the defendants. The claims all

"relate" to those securities, in one way or another. *See also In re Textainer Partnership*

-13-

*Securities Litigation*, 2005 WL 1791559 (N. D. Cal. July 27, 2005)(citation omitted)(holding exception under 28 U.S.C. § 1332(d)(9)(C) applicable, where claims of breach of fiduciary duty alleged arising out of a security); *Williams v. Texas Commerce Trust Co.*, 2006 WL 1696681 (W.D. Mo. June 15, 2006)(exception under 28 U.S.C. § 1332(d)(9)(C) applicable where claims of breach of fiduciary duty, negligence, equitable restitution, breach of contract, accounting, imposition of construction trust and civil conspiracy made regarding a merger).

There is no question that the agreements which Plaintiff and the other class members purchased in the viatical settlements were securities. The definition referenced in CAFA, 28 U.S.C. § 1332(d)(9), is 15 U.S.C. §77b(a)(1), which provides:

> The term 'security' means any note, stock treasury stock, security feature, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil gas, or other mineral rights...

Furthermore, "[i]n the broadest sense, a 'security' is an instrument that 'might be sold as an investment.'" *Davis v. Chase Bank U.S.A.*, 453 F.Supp. 2d 1205, 1208 (C.D. Cal. 2006). The Purchase Authorization Agreements entered into by the Class Members to obtain their interests in the viatical settlement insurance policies, were

certainly either "evidence of indebtedness," or "investment contracts," or "instruments which might be sold as investments." 3

The claims of Plaintiff and the Class fall within CAFA's exception for claims "solely" involving securities, and under the nondiscretionary language of 28 U.S.C. §1332(d)(9), the jurisdictional grant under CAFA "shall" not apply to such claims, and the case must be dismissed.

## CONCLUSION

For all the foregoing reasons, the case should be remanded to the California Superior Court for the County of Alameda.

Dated: June 23, 2008

ROBERT S. ARNS (SB # 65071)
MORGAN C. SMITH (SB# 168146)
STEVEN R. WEINMANN (SB# 190956)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

KATHRYN A. STEBNER (SB #121088)
**STEBNER AND ASSOCIATES**
870 Market Street, Suite 1212
San Francisco, CA  94102
Tel:   (415) 362-9800
Fax:   (415) 362-9801

Attorneys for Plaintiffs
MARION E. COIT on her behalf and
on behalf of others similarly situated,

---

3 Additionally, interests in Vicatical Settlements are specifically defined as securities under California law. (See Corp. Code § COR §25019.)

-15-

*Coit v. Fidelity Assurance, et al.*

CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years and not a party to, nor interested in, the above-entitled action. I am an employee of The Arns Law Firm, A Professional Corporation, and my business address is 515 Folsom Street, 3rd Floor, San Francisco, CA 94105

On June 23, 2008, I served the following:    Memorandum of law in Support of Motion for Remand on all interested parties in the above cause, by:

___X___ **REGULAR MAIL** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. Said envelope was thereafter deposited in the United States Mail at San Francisco, California in accordance with this firm's business practice of collection and processing correspondence for mailing of which I am readily familiar. All correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

_____ **OVERNIGHT MAIL** by placing a true and correct copy thereof enclosed in a sealed overnight service envelope with postage thereon fully prepaid. Said envelope was thereafter deposited with the overnight service at San Francisco, California in accordance with this firm's business practice of collection and processing correspondence for overnight service of which I am readily familiar. All correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

_____ **HAND DELIVERY** by placing a true and correct copy thereof enclosed in a sealed envelope with the name and address of the party to receive the document. Such document was then given to the service or individual signing the bottom of this Proof of Service showing delivery made.

_____ **FACSIMILE** by placing a true and correct copy thereof with a facsimile cover sheet showing service upon the following individuals.

The envelopes were addressed as follows:

| | |
|---|---|
| Michael Hession<br>LOCKE, LORD, BISSELL & LIDDELL, LLP<br>1170 Peachtree Street NE, Suite 1900<br>Atlanta, GA 30309<br>PHONE: (404) 870-4649<br>FAX: (404) 806-5649<br>EMAIL: mhession@lockelord.com<br>Representing Fidelity Assurance Associates, LLC;<br>Fidelity of Georgetown, Inc.; Financial Services<br>Consultants, Inc.; Mills Potoczac & Company;<br>Richard H. Gilford; Brad C. Thompson; William J.<br>Carmouche; Brenda Tluczek and Neil Thompson. | Kathryn Stebner<br>Law Office of Kathryn Stebner<br>870 Market St #1212<br>San Francisco, CA 94102<br>PHONE: 415-362-9800<br>FAX: 415-362-9801<br>Co-Counsel for Plaintiffs |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Executed on June 23, 2008 at San Francisco, California.

_____
DANA LANGLEY

-1-