# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. HESSION (SB # 219103)
**LOCKE LORD BISSELL & LIDDELL LLP**
The Proscenium, Suite 1900
1170 Peachtree Street, NE
Atlanta, GA  30309
Tel:  404-870-4600
Fax:  404-872-5547

300 S. Grand, Suite 800
Los Angeles, CA 90071
Tel: 213-485-1500
Fax: 213-485-1200

Attorneys for Certain Defendants

| | |
|---|---|
| MARION E. COIT on her behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITY ASSURANCE ASSOCIATES LLC; FIDELITY OF GEORGETOWN, INC.; FINANCIAL SERVICES CONSULTANTS, INC.; MILLS, POTOCZAK & COMPANY; DULUDE & CARMOUCHE, INC.; RICHARD H. GUILFORD; BRAD C. THOMPSON; BRENDA TLUCZEK; WILLIAM J. CARMOUCHE; ESTUKO DULUDE; F. NEIL THOMPSON; ANTHONY FEUER and DOES 1 to 500, inclusive,<br><br>Defendants. | **CASE NO. C-08-02585 JSW**<br><br>**DEFENDANTS' FIDELITY ASSURANCE LLC, FIDELITY OF GEORGETOWN, INC., FINANCIAL SERVICES CONSULTANTS, INC., MILLS POTOCZAK & COMPANY, RICHARD GUILFORD, BRAD C. THOMPSON, BRENDA A. TLUCZEK, WILLIAM J. CARMOUCHE AND F. NEIL THOMPSON'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND** |

ATL 360858v.3

Defendants Fidelity Assurance Associates LLC, Fidelity of Georgetown, Inc., Financial Services Consultants, Inc., Mills Potoczak & Company, Richard Guilford, Brad C. Thompson, Brenda A. Tluczek, William J. Carmouche and F. Neil Thompson (collectively, the Defendants") hereby oppose Plaintiff's Motion For Remand, and in support thereof respectfully state as follows:

## I. INTRODUCTION

In her Motion For Remand, Plaintiff first asserts that Defendants have not provided adequate evidence that two minimum jurisdictional thresholds of the Class Action Fairness Act ("CAFA") have been met. The jurisdictional requirements at issue are whether there are more than 100 potential class members, and whether the collective damages at issue exceed $5 million. Plaintiff's arguments fail because Defendants provide an affidavit in conjunction with this Opposition confirming that both of these thresholds have been met.

Plaintiff also asserts that an exception to CAFA's removal provisions applies in the instant case because this matter relates in some way to a security. Plaintiff relied upon a single unpublished California court opinion to support her argument, which opinion, in turn, is supported by a mere single New York case.

Plaintiff fails to point out, however, that the Second Circuit recently overturned and reversed the New York case upon which the California case relied in making its determination. Accordingly, as demonstrated by the Second Circuit, Plaintiff's argument is without merit. Federal jurisdiction exists over this matter, and Plaintiff's Motion For Remand should be denied.

## II. STATEMENT OF FACTS

As alleged in her Complaint, Plaintiff is a California resident who, in 2001 and 2002, entered into a series of Purchase Authorization Agreements ("Agreements") with Defendant Fidelity Assurance Associates ("Fidelity Assurance") for the purchase of partial interests in life insurance policies. *See* Complaint at ¶¶ 139, 145, 149. According to Plaintiff, these partial interests were marketed by Defendants using life

evaluations—an actuarial analysis of the likely life expectancy of the insured individuals who were selling his or her life insurance policy on the secondary market—that were known to be inaccurate. *See* Complaint at ¶¶ 45-48. Defendants vigorously deny these allegations.

In her Complaint, Plaintiff Coit claims that the class for which she seeks to act as a representative includes "all persons within the State of California who were sold Viatical Settlements by or through Defendants," including both those that are excepted under Cal. Corp. Code § 25102 and those not excepted under Cal. Corp. Code § 25102. *See* Complaint at ¶¶153-155. Plaintiffs also propose a sub-class for those class members who were over the age of 65 at the time of the sale. *Id.*

Defendant Fidelity Assurance has reviewed its files and identified one hundred and six (106) California-resident purchasers of interests or partial interests in life insurance policies from Fidelity Assurance. *See* Brad C. Thompson Aff. ("Thompson Aff.") at ¶ 3. In her Complaint, Plaintiff seeks to recover the amounts paid for these policies, along with treble damages. *See* Complaint at p. 56. The total payments made to Fidelity Assurance from California residents entering into the Agreements amount to approximately $4.91 million. *See* Thompson Aff. at ¶ 4. Accordingly, the proposed class' claims, if proven in full at trial would amount to at least $14.73 million, exclusive of costs and interest.

## III.  LEGAL ARGUMENT AND AUTHORITY

Defendants accept that it is their burden to demonstrate by a preponderance of the evidence that the minimal removal requirements are met. As discussed below in Section III.A., Defendants clearly meet that burden here.

Conversely, as Plaintiff properly recognizes, it is her burden to establish that an exception to this Court's jurisdiction exists. *See* Plaintiff's Motion for Removal at p. 12, fn 2. As discussed below in Section III.B., Plaintiff has not, and indeed cannot, meet that burden, particularly because in passing CAFA, the U.S. Senate expressly

stated that this exception must be "narrowly construed," not broadly construed as proffered by Plaintiff. *See* S. Rep. No. 109-14, at 45 (2005).

### A.     Defendants Have Met The Minimal Requirements For Removal.

Plaintiff Coit accurately recites CAFA's requirements that, in order to be eligible for removal, a claim must exist that alleges more than $5 million dollars in damages, and there must be at least one hundred potential members of the proposed class. *See* Plaintiff's Motion For Remand at p. 6.

While Defendants deny that class certification is appropriate in this case, it is clear that the number of potential class members currently alleged exceeds one hundred. Plaintiff Coit identifies two potential classes that she seeks to represent: (1) "all persons within the State of California who were sold Viatical Settlements by or through Defendants," and (2) a sub-class for those class members who were over the age of 65 at the time of the sale. *See* Complaint at ¶¶153-155. More than one hundred individuals potentially fall within those proposed class definitions. Specifically, one hundred and six "persons within the State of California" entered into Agreements with Fidelity Assurance. *See* Thompson Aff. at ¶ 3.

Moreover, the total amount paid for these Agreements was $4.91 million, exclusive of costs and interest. *Id.* at ¶ 4. While that alone is not sufficient to meet CAFA's $5 million jurisdictional minimum, Plaintiff also requests treble damages, increasing the potential class members' claims to at least $14.73 million, which easily exceeds the jurisdictional removal hurdle. *See* Complaint at p. 56. Federal law confirms that demands for treble damage are to be included when calculating whether the jurisdictional minimum is met. *Martin v. Home Depot, USA, Inc.*, 2003 U.S. Dist. LEXIS 26276, *26 (W.D. Tex. Nov. 14, 2003).

Accordingly, this matter satisfies CAFA's jurisdictional requirements, and Plaintiff's Motion For Remand should be denied.

### B. Plaintiff Does Not Satisfy Her Burden To Demonstrate That This Case Is Within a CAFA Exception.

Plaintiff substantively relies upon a single case in support of her second remand argument—and that opinion is unpublished. *See Gertin v. Vestin Realty Mortgage II, Inc.,* 2007 WL 951838 (S.D.Cal. March 9, 2007). Plaintiff cites this case for the premise that her claims fall within CAFA's Section 28 U.S.C. § 1332(d)(9)(C), which excepts from removal those claims that:

> relate[] to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under Section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77b(a)(1)) and the regulations issued thereunder.)

In making the argument, however, Plaintiff fails to inform the Court that the New York district court case upon which *Gertin* relies exclusively for this premise was recently <u>rejected and reversed</u> by the Second Circuit. *See Estate of Pew v. Cardarelli*, 527 F. 3d 25 (2nd Cir. 2008). Indeed, the Second Circuit expressly stated that, "in a question of first impression in the circuit courts," claims identical to those of Plaintiff Coit were not covered within the Section 1332(d)(9)(C) exception. *Id.* at 26.

*Estate of Pew* involved allegations that the issuer of certain debt certificates fraudulently withheld from purchasers that the issuer was insolvent, and the Plaintiffs sought relief under New York's state fraud statutes. The case was brought in New York state court and the defendants removed the case to federal court pursuant to CAFA. The district court held that because the allegations "related" to a security, CAFA's Section 1332(d)(9)(C) exception applied.

The Second Circuit handed down the first federal appellate ruling interpreting CAFA's Section 1332(d)(9)(C).[1] The Court held that the provision did not render all claims relating in any way to any security non-removable under CAFA. Rather, the *Estate of Pew* Court found that this exception is limited to those claims that "seek to enforce the terms of instruments that create and define securities, and to duties imposed on persons who administer securities." *Id.* at 33.

The Second Circuit expressly rejected the argument that all claims that relate to securities "one way or another" are covered under CAFA's Section 1332(d)(9) exception, as Plaintiff argues here. *See* Plaintiff's Motion For Remand at p. 6. The Court found that such an interpretation would render other sections of CAFA superfluous, which sections expressly limit the sorts of claims involving securities that are covered, specifically those claims relating to "rights, duties and obligations" relating to a security. *Id.* In so holding, the Second Circuit concluded that this language did not open up the flood gates to remand all claims relating to securities, but rather limited the sorts of covered claims that relate to "rights, duties and obligations." *Id.*

Considering this language, the Court rejected the Plaintiff's argument that the phrase "rights . . . relating to . . . any security" includes the right to prevent remand of any cause of action that relates to a security, noting this would defeat the express limitations included in the statute. Rather, the Court held that the Section 1332(d)(9) exception was limited to those "rights, duties and obligations" that "aris[e] out of the terms of the securities" themselves. *Id.* Thus, while the Court recognized in *Estate of Pew* that the Plaintiff may have had rights arising in the security, such as the right in

---

[1] Two days prior to the filing of this brief, on July 16, 2008, the Ninth Circuit cited *Estate of Pew* in deciding a removal case. *See Luther v. Countrywide Home Loans Servicing, et. al.*, 2008 U.S. App. LEXIS 15115 (9th Cir. July 16, 2008). This case is inapplicable to the instant litigation, however, because the holding of *Luther* addresses only the interplay between CAFA's general grant of the right to remove and § 22(a) of the Securities Act of 1933—a relationship not at issue in this case because there is no § 22(a) claim asserted by Plaintiff.

the holder to a particular rate of interest, the claims that were asserted in the litigation—like here, claims of fraudulent marketing—did not relate to those rights. Accordingly, the Second Circuit properly found that this CAFA exception did not apply to such claims, and remand was accordingly improper. *Id.*

Therefore, the only circuit court to address the issue has rejected Plaintiff's argument that Section 1332(d)(9)(C) broadly applies to all claims that "relate to . . . securities, in one way or the other." Rather, the Second Circuit confirmed that it is Plaintiff's burden to demonstrate that these claims relate to "rights, duties or obligations" that arose "out of the terms of the securities." *Id.* Plaintiff cannot meet this burden because, plainly stated, the allegations of fraudulent marketing do not relate to such "rights, duties or obligations" as contemplated by CAFA. *Id.* (noting that the Senate intended this exception to apply only to rights, duties and obligations "arising out of the terms of the securities.") This is particularly true because the Senate expressly stated that this exception is to be "narrowly construed." *See* S. Rep. No. 109-14, at 45 (2005.)

Plaintiff's claim is, at best, one for fraudulent marketing of securities. *See generally* Plaintiff's Complaint. This is precisely the sort of claim that the Second Circuit—the only federal appellate court to have considered this issue—correctly recognized does not fall within CAFA's Section 1332(d)(9) exception. *See Estate of Pew*, 527 F. 3d 25. Accordingly, the exception does not apply to these claims and Plaintiff's Motion For Remand should be denied.

## IV.   CONCLUSION

Because Plaintiff's Complaint seeks damages in excess of $5 million and contemplates a potential class with greater than one hundred members, and because the allegations of the Complaint do not fall within CAFA's Section 1332(d)(9) exception, Defendant's removal was proper under CAFA. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion For Remand.

Respectfully submitted this 18th day of July, 2008.

<u>s/ Michael A. Hession</u>
Michael A. Hession (SB # 219103)
LOCKE LORD BISSELL & LIDDELL LLP
The Proscenium, Suite 1900
1170 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone:  404-870-4600
Facsimile:  404-872-5547

300 S. Grand, Suite 800
Los Angeles, CA 90071
Tel:  213-485-1500
Fax:  213-485-1200

E-mail:  mhession@lockelord.com

*Attorney for Certain Defendants*

*Coit v. Fidelity Assurance, et al.*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years and not a party to, nor interested in, the above-entitled action. I am an employee of Locke Lord Bissell & Liddell LLP, A Professional Corporation, and my business address is The Proscenium, Suite 1900, 1170 Peachtree Street, N.E., Atlanta, GA 30309.

On July 18, 2008, I served the following Defendants' Opposition to Plaintiff's Motion for Remand on all interested parties in the above cause, by:

__XX_____ **REGULAR MAIL** by placing a true and correct copy thereof enclosed in a sealed overnight service envelope with postage thereon fully prepaid. Said envelope was thereafter deposited in the United States Mail at Atlanta, Georgia in accordance with this firm's business practice of collection and processing correspondence for mailing of which I am readily familiar. All correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

_____**OVERNIGHT MAIL** by placing a true and correct copy thereof enclosed in a sealed overnight service envelope with postage thereon fully prepaid. Said envelope was thereafter deposited in the United States Mail at Atlanta, Georgia in accordance with this firm's business practice of collection and processing correspondence for mailing of which I am readily familiar. All correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

_____**HAND DELIVERY** by placing a true and correct copy thereof enclosed in a sealed envelope with the name and address of the party to receive the document. Such document was then given to the service or individual signing the bottom of this Proof of Service showing delivery made.

_____**FACSIMILE** by placing a true and correct copy thereof with a facsimile cover sheet showing service upon the following individuals.

The envelopes were addressed as follows:

| Robert S. Arns | Kathryn A. Stebner |
|---|---|
| Morgan C. Smith | Stebner and Associates |
| Jonathan E. Davis | 870 Market Street, Suite 1212 |
| The Arns Law Firm | San Francisco, CA 94102 |
| 515 Folsom Street, 3rd Floor | |
| San Francisco, CA 94105 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

Executed on July 18, 2008, at Atlanta, Georgia.


                                       s/ Michael A. Hession
                                       Michael A. Hession (SB # 219103)

Locke Lord Bissell & Liddell LLP
1900 The Proscenium, 1170 Peachtree Street, NE
Atlanta, GA 30309

1  UNITED STATES DISTRICT COURT

2  NORTHERN DISTRICT OF CALIFORNIA

3  MICHAEL A. HESSION (SB # 219103)
4  **LOCKE LORD BISSELL & LIDDELL LLP**
   The Proscenium, Suite 1900
5  1170 Peachtree Street, NE
6  Atlanta, GA 30309
   Tel: 404-870-4600
7  Fax: 404-872-5547

8
   **LOCKE LORD BISSELL & LIDDELL LLP**
9  300 S. Grand, Suite 800
10 Los Angeles, CA 90071
   Tel: 213-485-1500
11 Fax: 213-485-1200

12
   Attorney for Certain Defendants
13

14 | MARION E. COIT on her behalf and on behalf of others similarly situated )
15 | )
16 | Plaintiffs, )
17 | vs. ) CASE NO. C-08-02585 JSW
18 | FIDELITY ASSURANCE ASSOCIATES ) BRAD C. THOMPSON'S
19 | LLC; FIDELITY OF GEORGETOWN, ) AFFIDAVIT IN SUPPORT OF
   | INC.; FINANCIAL SERVICES ) DEFENDANTS' OPPOSITION
20 | CONSULTANTS, INC.; MILLS, ) TO PLAINTIFF'S MOTION TO
21 | POTOCZAK & COMPANY; DULUDE & ) REMAND
   | CARMOUCHE, INC.; RICHARD H. )
22 | GUILFORD; BRAD C. THOMPSON; )
23 | BRENDA TLUCZEK; WILLIAM J. )
   | CARMOUCHE; ESTUKO DULUDE; F. )
24 | NEIL THOMPSON; ANTHONY FEUER )
25 | and DOES 1 to 500, inclusive )
26 | Defendants. )

ATL 361104v.2

# AFFIDAVIT OF BRAD C. THOMPSON

STATE OF MARYLAND
COUNTY OF ANNE ARUNDEL

Personally appeared before the undersigned attesting officer, authorized to administer oaths, Brad C. Thompson, who, after being duly sworn, states on oath and deposes as follows:

1. My name is Brad C. Thompson. I reside in the State of Maryland. I am over the age of majority, and I am suffering from no legal disabilities. Unless otherwise stated, this affidavit is made upon my personal knowledge for use in connection with this lawsuit.

2. I am the President of Fidelity Assurance Associates, LLC, a defendant herein.

3. After a review of Fidelity Assurance Associates' files, one hundred and six (106) California-resident purchasers of interest or partial interest in life insurance policies from Fidelity Assurance Associates have been identified.

4. The combined total of the partial interests of each of the California-resident purchasers in the face value of the policies at issue here is four million, nine hundred seventeen thousand, four hundred seventy-nine dollars and sixty-two cents ($4,917,479.62).

1  FURTHER AFFIANT SAYETH NAUGHT.

_____
Brad C. Thompson

Sworn to and subscribed before me this
18 day of July, 2008.

_____
Notary Public
My commission expires: _____



BERNADETTE TITUS
Notary Public-Maryland
Anne Arundel County
My Commission Expires
March 01, 2011