ROBERT S. ARNS (SB # 65071)
MORGAN C. SMITH (SB# 168146)
STEVEN R. WEINMANN (SB# 190956)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:   (415) 495-7888

KATHRYN A. STEBNER (SB #121088)
**STEBNER AND ASSOCIATES**
870 Market Street, Suite 1212
San Francisco, CA  94102
Tel:   (415) 362-9800
Fax:   (415) 362-9801

Attorneys for Plaintiffs
MARION E. COIT on her behalf and
on behalf of others similarly situated,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION E. COIT on her behalf and on behalf of others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>FIDELITY ASSURANCE ASSOCIATES, LLC; FIDELITY OF GEORGETOWN, INC.; FINANCIAL SERVICES CONSULTANTS, INC.; MILLS, POTOCZAK & COMPANY; DULUDE & CARMOUCHE, INC.;  RICHARD H. GUILFORD; BRAD C. THOMPSON; BRENDA TLUCZEK; WILLIAM J. CARMOUCHE; ESTUKO DULUDE; F. NEIL THOMPSON; ANTHONY FEUER and DOES 1 to 500, inclusive<br><br>    Defendants. | **No. CV 08-02585 JSW**<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**<br><br>**DATE: AUGUST 29, 2008**<br>**TIME: 9:00 AM**<br><br>**DEPT:**<br>**Hon.  Jeffrey S. White**<br>**Courtroom 2, 17th Floor** |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. THE CASE SHOULD BE REMANDED ........................................................... 2

  A. Fidelity Has Failed To Carry Its Burden To Show That The Jurisdictional Requirements Of CAFA Have Been Met. ...................................................... 2

  B. The Case Should Also Be Remanded Because It Is Within The Exception For Cases Solely Involving A Security ................................................................ 6

III. CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Estate of Pew v. Cardarelli* 527 F.3d 25(2nd Cir. 2008) ------------------------------------- 7

*Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992) ------------------------------------------------ 2

*Genton v. Vestin Realty Mortgage II Inc.*, 2007 WL 951838
  (S.D. Cal. March 9, 2007) ------------------------------------------------------------------ 6, 7

*In re Textainer Partnership Securities Litigation*, 2005 WL 1791559
  (N. D. Cal. July 27, 2005) --------------------------------------------------------------------- 6

*Levine v. BIC USA, Inc.*, 2007 WL 2406897 (S.D. Cal. August 20, 2007 at *2 ------------- 2

*Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994, 1004
  (9th Cir. 2000) ----------------------------------------------------------------------------------- 5

*Lowery v. Alabama Power Co.,* 483 F. 3d 1184, 1120 (11th Cir. 2007) --------------------- 5

*Martin v. Home Depot U.S.A., Inc.,* 2003 U.S. Dist. LEXIS 26276
  (W.D. Tex. Nov. 14, 2003) -------------------------------------------------------------------- 3

*Martin v. Home Depot U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 27239
  (W.D. Tex. January 13, 2004) --------------------------------------------------------------- 3

*Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.R.D. 373, 375 (9th Cir. 1997) -------------- 2

*Williams v. Texas Commerce Trust Co.*, 2006 WL 1696681
  (W.D. Mo. June 15, 2006) -------------------------------------------------------------------- 6

## STATUTES

28 U.S.C. § 1332 (d)(9) ----------------------------------------------------------------------------- 6

Corp. Code §25102 ---------------------------------------------------------------------------------- 4

## I.     INTRODUCTION

Plaintiff Marion Coit submits this Reply Memorandum in further support of her motion to remand this action to state court.  Defendants including Fidelity Assurance Associates ("Fidelity") have submitted what they contend is evidence that the jurisdictional requirements of the Class Action Fairness ("CAFA") are met, consisting solely of an affidavit by Fidelity's President, Brad Thompson.  The affidavit falls short of satisfying Fidelity's burden of establishing CAFA's requirements that the class number more than 100 persons and that the amount in controversy exceeds $5,000,000.  While Fidelity's President Thompson asserts that a review of the company's files disclosed 106 class members, the only other information that he supplies about them is that the aggregate value of the interests in the policies that they invested in is $4.91 million.  The lack of detail as to where these figures comes from, and lack of documentation or explanation of how the search was performed, or his personal knowledge of the search, do not meet the jurisdictional requirements.

Fidelity has also failed to overcome Plaintiff's showing that CAFA's exception for claims which arise out of, and "solely involve" a security, is applicable.  Fidelity has not disputed that the agreements entered into by the class members are securities.  It simply points to a single out-of-circuit authority, and does nothing to distinguish the reasoning of the authorities cited by Plaintiff in her opening Memorandum, or the plain language of the CAFA exception.

This Court should remand this action for lack of federal jurisdiction.

## II.     THE CASE SHOULD BE REMANDED

**A.  Fidelity Has Failed To Carry Its Burden To Show That The Jurisdictional Requirements Of CAFA Have Been Met.**

As noted in the opening Memorandum, the instant action was removed without any factual support showing that it met the jurisdictional requirements of CAFA. Fidelity in its opposition to this motion, has made only the most minimal of efforts to provide additional facts, and made a facially inadequate evidentiary showing to support the removal, and therefore the case should be remanded for lack of federal jurisdiction, in accordance with the presumption against removal. *Levine v. BIC USA, Inc.*, 2007 WL 2406897 (S.D. Cal. August 20, 2007 at *2; *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.R.D. 373, 375 (9th Cir. 1997). There are clearly "doubts" as to whether the criteria for jurisdiction are met, and so "[a]ll doubts and ambiguities are resolved against removal and in favor of remand." *Levine*, 2007 WL 2406897 at *2.

The only new information provided by Fidelity are flat statements that "[a]fter a review of Fidelity Associates' files, one hundred and six (106) California resident purchasers of interest or partial interest in life insurance policies from Fidelity Assurance Associates have been identified," and that "[t]he combined total of the partial interests of each of the California resident purchasers in the face value of the policies at issue here is four million, nine hundred thousand, four hundred seventy-nine dollars and sixty-two cents ($4,917,479.62.)" Affidavit of Brad C. Thompson, ¶¶3, 4.

The affidavit consists solely of these bald assertions, without any detail as to whether (1) these Californians purchased viatical settlements of the type asserted in the class definition, during the relevant time period; (2) the word "viatical settlement" is not even used, and (3) no time period is stated. Thompson's affidavit also does not establish that he personally performed the search (beyond the boilerplate assertion that the affidavit is based on personal knowledge), or if not who did and how, or supply any documents that back up the quoted figure. Even the amounts of the individual partial interests, are not disclosed. It is also not likely that Thompson himself, personally reviewed the 106 purchase agreements (or a larger amount to make that determination), and personally added the figures to arrive at $4.91 million. In any case, he does not say that he did. Thus, this is clearly not the "summary judgment type" evidence that is required under Ninth Circuit authority to support removal jurisdiction in these circumstances.

Furthermore, setting aside Thompson's affidavit, there is no indication that Ms. Coit's purchase of three viatical settlements, in the total amount of $286,764.33, is anything close to being an average investment by the class members. If each other class members' individual interests were for only an average of $7,500 each, their total base damages would be only $787,500. Even adding in Ms. Coit's damages and trebling the total, would not exceed $5,000,000.1

---

1 It is far from clear that the treble damages should be included in determining the amount in controversy in an action under CAFA. *Martin v. Home Depot U.S.A., Inc.,* 2003 U.S. Dist. LEXIS 26276 (W.D. Tex. Nov. 14, 2003), actually the recommendations of a magistrate judge later accepted by the District Court, *Martin v. Home Depot U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 27239 (W.D. Tex. January 13, 2004) was not a CAFA case, and involved the determination of the amount in controversy exceeded the $75,000 minimum for each class member for diversity jurisdiction purposes, not the total amount in controversy as under CAFA.

Also damaging to Fidelity's argument, however, is the fact that the trebling of damages **only** applies to the Elder Abuse claims---and Fidelity has failed to provide any evidence as to how many of the other 105 class members, are elderly within the meaning of the statutes, that is, 65 years of age or over. At this point, we only have such evidence as to Ms. Coit herself. The Court cannot just assume that the other class members are all over 65 years of age. The Class itself, is defined to include all who were sold the Viatical Settlements, but only a subclass consists of those over 65:

> Plaintiffs request certification of the following class number 1: All persons within the State of California who were sold Viatical Settlements by or through Defendants that were not exempt under Corp. Code §25102
>
> Plaintiffs request certification of the following class number 2: All persons within the State of California who were sold Viatical Settlements by or through Defendants that were properly exempt under Corp. Code §25102.
>
> Plaintiffs request certification of the following subclass: All persons within the State of California either class number 1 or class number 2, who were over the age of 65 at the time of the sale.

Complaint, ¶¶153-155. Given this class definition, Thompson's statement that there are 105 other members of the Class, says absolutely nothing about how many are in the Elder Abuse subclass besides Ms. Coit. Given Fidelity's burden to introduce "summary judgment" type evidence, there is clearly a total failure of proof on this issue, and the treble damages, even assuming *arguendo* that they are correctly included in

---

Unlike here, the Defendants in *Martin* also submitted undisputed evidence that the cost to replace **each** of the class members' wooden decks was $10,755, and soil remediation for each would be $24,000, an amount which if trebled would have exceeded $75,000. *See Martin*, 2004 U.S. Dist. LEXIS 27239 at *11. No such details as to the individual class members' claims have been provided here by Defendants.

determining the amount in controversy under CAFA, have not been shown to apply to more than just Ms. Coit's own claim. Thus, at most, the issue of the treble damages for purposes of this motion, brings up the claims to only three times the amount of Ms. Coit's damages, or $1, 147,057.52 (including her compensatory and trebled damages).

The Court cannot simply speculate that the Class members' damages exceed the jurisdictional minimum, based upon Thompson's unsupported citation to the aggregate total of the partial interests. Fidelity has possession of the PAAs with the Class Members, and according to its President Thompson, has even reviewed them, but still has not supplied them or a declaration summarizing their contents as to the sums at issue. This Court cannot engage in speculation to fill in the blanks, just as the court held in *Lowery v. Alabama Power Co.,* 483 F. 3d 1184, 1120 (11th Cir. 2007). Fidelity has simply not introduced any competent "summary judgment-type" evidence by way of declaration which supports removal. *Lowdermilk v. United States Bank National Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2000) (speculation as to the number of class members and the amount of their average damages, was insufficient to avoid a remand to state court.

Fidelity has had two opportunities to provide information supporting jurisdiction, in its removal notice and again on this motion. It chose to supply the least amount of information possible, with no backup or underlying facts, leaving this Court without any real evidence whatsoever. The motion to remand should be granted.

## B. The Case Should Also Be Remanded Because It Is Within The Exception For Cases Solely Involving A Security

Defendants have not, on this motion, contested the Plaintiff's position that the viatical settlement interest are "securities," for purposes of the definition of securities under federal law, and under CAFA. Defendants also do nothing to substantively distinguish the Ninth Circuit authority holding that claims such as those at bar involve securities, and as such, fall with CAFA's exception for claims "solely" involving securities.  28 U.S.C. § 1332 (d)(9), *Genton v. Vestin Realty Mortgage II Inc.*, 2007 WL 951838 (S.D. Cal. March 9, 2007).[2]  All that they can muster, is the observation that *Estate of Pew v. Cardarelli*, cited in *Genton,* was reversed on appeal to the Second Circuit, and a parroting back of that court's holdings.

However, the court in *Genton* also reasoned that the plaintiff's claims arose directly from their interest in the securities, the company's "alleged failure to pay Plaintiffs their pro rata share as security owners." Id. at *3.  Vestin Realty's duty to abstain from statutory Elder Abuse also was found to be "connected with issuing securities because Plaintiffs would not be able to assert the claim without owning the security." Id. *3.

---

[2] Nor did defendants even attempt to distinguish the other cases cited in Plaintiff's Memorandum which held that the exception applied, wrongly stating that Plaintiffs had only cited one case to support their position.  *See* Plaintiff's Memorandum of Law In Support of Motion to Remand, at pp.14-15, citing *In re Textainer Partnership Securities Litigation*, 2005 WL 1791559 (N. D. Cal. July 27, 2005); *Williams v. Texas Commerce Trust Co.*, 2006 WL 1696681 (W.D. Mo. June 15, 2006).

Furthermore, the *Genton* Court noted that the plain language of the statute, by adding "including fiduciary duties" in parentheses, *see* § 1332(d)(9)(C), showed a clear intent to cover fiduciary duty claims *in* addition to other claims. 2007 WL 951838 at * 3.

The Court of Appeals for the Second Circuit in deciding *Estate of Pew v. Cardarelli* 527 F.3d 25(2nd Cir. 2008), was unable to avoid the application of the exception for claims solely arising out of securities simply by looking to the wording of CAFA itself. Instead, finding the language too broad for its liking while admitting that the plain language of the statute was implicated since the subject securities created obligations and corresponding rights in the holders, the *Estate of Pew* Court resorted to creating limitations of its own. *Id*. at 31-32. Dissenting Judge Pooler accordingly noted:

> "Thus, the majority's recitation of what claims 'must be' in order to fall within the Section 1332(d)(9)(C) [exception] is purely its own invention. The terms of the Section itself merely say, *without qualification*, that claims with 'relate' [] to 'the rights'—*another term which is unqualified*—of securities holders are exempted under CAFA's scope. I can only conclude that the majority's specifications as to what claims 'must be' in order to qualify for exemption is an act of judicial re-drafting of CAFA. We frequently hear, however, that 'legislating from the bench' is a cardinal sin of the legal profession."

*Estate of Pew*, 527 F.3d at 36 (Pooler, J., dissenting)(emphasis in original). The decision in *Estate of Pew,* is not supported by the plain text of the CAFA exception, as Judge Pooler noted. Rather, as held in *Genton*--a Ninth Circuit authority directly on point-- claims such as Plaintiffs' in this case are within the statute's plain terms.

The claims of Plaintiff and the Class fall within CAFA's exception for claims "solely" involving securities, and under the nondiscretionary language of 28 U.S.C. §1332(d)(9), the jurisdictional grant under CAFA "shall" not apply to such claims, and the case must be remanded.

### III.  CONCLUSION

For all the foregoing reasons, the case should be remanded to the California Superior Court for the County of Alameda.

Dated:  July 28, 2008

_____/s/ Morgan Smith_____
ROBERT S. ARNS (SB # 65071)
MORGAN C. SMITH (SB# 168146)
STEVEN R. WEINMANN (SB# 190956)
**THE ARNS LAW FIRM**
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Tel:   (415) 495-7800
Fax:  (415) 495-7888

KATHRYN A. STEBNER (SB #121088)
**STEBNER AND ASSOCIATES**
870 Market Street, Suite 1212
San Francisco, CA  94102
Tel:   (415) 362-9800
Fax:  (415) 362-9801
Attorneys for Plaintiffs

<u>*Coit v. Fidelity Assurance, et al.*</u> **Case Number CV 08-02585 JSW**

CERTIFICATE OF SERVICE

I, the undersigned, declare that I am a citizen of the United States, over the age of 18 years and not a party to, nor interested in, the above-entitled action. I am an employee of The Arns Law Firm, A Professional Corporation, and my business address is 515 Folsom Street, 3rd Floor, San Francisco, CA 94105

On July 28, 2008, I served the following: **MOTION FOR REMAND** on all interested parties in the above cause, by:

___X___ **REGULAR MAIL** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid. Said envelope was thereafter deposited in the United States Mail at San Francisco, California in accordance with this firm's business practice of collection and processing correspondence for mailing of which I am readily familiar. All correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

The envelopes were addressed as follows:

| | |
|---|---|
| Michael Hession<br>LOCKE, LORD, BISSELL & LIDDELL, LLP<br>1170 Peachtree Street NE, Suite 1900<br>Atlanta, GA 30309<br>PHONE: (404) 870-4649<br>FAX: (404) 806-5649<br>EMAIL: mhession@lockelord.com<br>Representing Fidelity Assurance Associates, LLC; Fidelity of Georgetown, Inc.; Financial Services Consultants, Inc.; Mills Potoczac & Company; Richard H. Gilford; Brad C. Thompson; William J. Carmouche; Brenda Tluczek and Neil Thompson. | Kathryn Stebner<br>Law Office of Kathryn Stebner<br>870 Market St #1212<br>San Francisco, CA 94102<br>PHONE: 415-362-9800<br>FAX: 415-362-9801<br>Co-Counsel for Plaintiffs |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 26, 2008 at San Francisco, California.

_____
*[signature]*

Reply Memorandum Of Law In Support Of Motion To Remand