United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION E. COIT on her behalf and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY ASSURANCE ASSOCIATES, LLC, et al.,<br><br>Defendants. | No. C 08-02585 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter comes before the Court upon consideration of Plaintiff Marion E. Coit's ("Coit") motion to remand the action to state court pursuant to the Class Action Fairness Act ("CAFA"). Coit contends that the jurisdictional requirements of CAFA are not met and that an exception in CAFA bars federal jurisdiction over cases solely involving securities. *See* 28 U.S.C. § 1332(d). Pursuant to Civil Local Rule 7-1(b), the Court finds that the motion to remand which has been noticed for hearing on Friday, August 29, 2009 at 9:00 a.m. is appropriate for decision without oral argument. Accordingly, the hearing date is HEREBY VACATED. Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court HEREBY GRANTS Coit's motion. Because the Court's conclusion that it does not have jurisdiction over this matter pursuant to the threshold requirements set forth in 28 U.S.C. § 1332(a) is dispositive, the Court will not address the securities exception.

**BACKGROUND**

Defendants Fidelity Assurance Associates, LLC, Fidelity of Georgetown, Inc., and Dulude & Carmouche, Inc. sell viatical interests in life insurance. (Complaint ("Compl.") ¶¶ 31-32.) Defendants Financial Services Consultants, Inc. and Mills, Potoczak & Company consult with, operate alongside, and manage trust accounts for both Fidelity and Dulude. (*Id.* ¶¶ 4-5.) Defendant F. Neil Thompson is President of Defendant Financial Services Consultants, Inc., Defendant Richard H. Guilford is Chairman and Managing Member of Defendant Fidelity Assurance, LTD, and Defendant Brad C. Thompson is the President of Defendant Fidelity Assurance, LTD. (*Id.* ¶¶ 4, 6-7.) The remaining defendants are Brenda Tluczek, William J. Carmouche, Estuko Dulude, and Anthony Feuer. (*Id.* ¶¶ 9-11, 13.) Collectively, the defendants will be referred to as "the Viatical Investment Defendants."

Coit, a California resident, purchased interest in three viatical investments from the Viatical Investment Defendants between 2001 and 2002. (*Id.* ¶¶ 145, 147, 149.) A viatical investment is the purchase of the death benefits of an insurance policy covering an individual (viator) whose life expectancy, whether through age or serious illness, is greatly diminished. (*Id.* ¶ 43.) The potential return on the policies varies depending upon the viators' life expectancies. (*Id.* ¶ 36.)

On April 3, 2008, Coit filed this action in the Superior Court of the State of California in and for the County of Alameda. Coit alleges that the Viatical Investment Defendants are liable to her and other members of the putative class for: (1) mislabeling and misrepresenting the investment product pursuant to California Code of Regulations Title 10 § 3548.2, California Code of Regulations § 25023, and Corporations Code § 25026; (2) selling viatical settlements without a license as required by California Insurance Code § 10113.2; (3) fraudulently concealing the risk of viatical settlements; (4) obtaining fraudulent medical reports on the life expectancy of the viators; (5) failing to disclose adverse tax consequences and possible alternatives to viatical settlements required by California Insurance Code § 10113.2; (6) engaging in false or misleading advertising, solicitation, or practice prohibited by California Insurance Code § 10113.2; and (7) selling securities that are not qualified or excepted under the

1 Corporations Code §§ 25110, 25503, 25102. (Compl. at 2.) On May 21, 2008, the Viatical
2 Investment Defendants filed a timely notice of removal of this action in the United States
3 District Court for the Northern District of California pursuant to 28 U.S.C. § 1441. (*See* Notice
4 of Removal ¶ 5.) The Viatical Investment Defendants contend that this Court has original
5 jurisdiction under 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds the
6 $5,000,000 threshold and any member of the putative plaintiff class is a citizen of a state
7 different from any defendant. (*Id.*)

8 Coit now moves to remand this action to state court.

## ANALYSIS

### A.   Applicable Legal Standards.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although CAFA amends 28 U.S.C. § 1332(d) for class action lawsuits, the Ninth Circuit "recently affirmed that 'under CAFA, the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.'" *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006)). The party seeking removal must demonstrate that: (1) the aggregate amount in controversy exceeds the sum or value of $5,000,000; (2) minimal diversity exists (where any class member is a citizen of a state different from any defendant); and (3) the

3

putative plaintiff class numbers at least 100 individuals or more. 28 U.S.C. § 1332(d)(5); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007). If the party seeking removal can demonstrate these three criteria, "CAFA vests federal courts with 'orginial' diversity jurisdiction over class actions." *Serrano*, 478 F.3d at 1021. If these requirements are met, the party seeking to remand a class action to state court "bears the burden to prove an exception to CAFA's jurisdiction." *Id.* at 1021-22.

**B.      Coit's Motion to Remand.**

Neither party disputes that minimum diversity exists. Coit, however, contests that the amount in controversy exceeds $5,000,000 and that the putative plaintiff class comprises at least 100 individuals. (Br. at 8.) Coit further contends that even if the Defendants demonstrated that these statutory requirements were met, this Court does not have jurisdiction over the action because it "involves a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security" under 28 U.S.C. § 1332(d)(9). (Br. at 13.) The Viatical Investment Defendants dispute both of these allegations, arguing that the amount in controversy exceeds $5,000,000 and that there are 106 putative class members. (Opp. at 4; *see* Affidavit of Brad C. Thompson in Opposition to Plaintiff's Motion to Remand ("Thompson Aff.") ¶¶ 3-4.)

**1.      The Viatical Investment Defendants Do Not Demonstrate that the Amount in Controversy is Satisfied.**

The Viatical Investment Defendants fail to meet their burden to establish that the amount in controversy exceeds $5,000,000. In her Alameda County Complaint, Coit does not specify the amount of damages sought. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 690; *see also Lowdermilk*, 479 F.3d at 997 (reserving the preponderance of the evidence standard only for those situations where the plaintiff does not seek a specific amount in damages). To determine whether the defendant has met its burden, "the court should consider, in addition to the complaint itself, 'facts in the removal petition and . . . summary judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Lowdermilk*, 479 F.3d at 1004

4

1  (quoting *Singer v. State Farm Mutual Ins. Co.*, 116 F.3d 373-74, 377 (9th Cir. 1997)).  Such
2  "summary judgment-type evidence" includes affidavits and interrogatories.  *Kroske v. U.S.*
3  *Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57-
4  58 (5th Cir. 1993)).

5  In the Court's review of the Notice of Removal, the Viatical Investment Defendants
6  conjecture that "if the class contained only thirty-five (35) members with investments in the
7  amount of or exceeding the $166,000 investment made by Marion Coit, the amount in
8  controversy would exceed $5,000,000."  (Notice of Removal ¶ 10.)  This hypothetical, however,
9  clearly mirrors the situation in *Abrego Abrego*, where the defendant, in its notice of removal,
10 made a similar supposition in an effort to prove that damages exceeded $5,000,000.  443 F.3d at
11 679.  There, the district court held that the conjecture failed to establish that the amount in
12 controversy actually exceeded the $5,000,000 required by CAFA, and therefore remanded the
13 action to state court.  *Id.* at 680-81.  The Ninth Circuit affirmed and noted that courts have
14 frequently frowned upon such suppositions because "such allegations, although attempting to
15 recite some 'magical incantation' neither overcome[] the 'strong presumption' against removal
16 jurisdiction, nor satisfy [Defendant's] burden of setting forth, in the removal petition itself, the
17 *underlying facts* supporting its assertion that the amount in controversy" is met.  *Id.* at 689
18 (citing *Gaus*, 980 F.2d at 567) (emphasis in original).  The Viatical Investment Defendants'
19 Notice of Removal fails to set forth facts to support its hypothetical assertion.  In addition, in
20 Thompson's affidavit submitted in conjunction with the Viatical Investment Defendants'
21 Opposition, he merely attests, without further explanation, that "the combined total of the
22 partial interest of each of the California-resident purchasers in the face value of the policies at
23 issue here is four million, nine hundred seventeen thousand, four hundred seventy-nine dollars
24 and sixty-two cents ($4,917, 479.62)."  (Thompson Aff. ¶ 4.)  As the court in *Singer* noted,
25 "removal 'cannot be based simply upon conclusory allegations' where the ad damnum is
26 silent."  116 F.3d at 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.
27 1995)).  Accordingly, due to the Viatical Investment Defendants' failure to provide factual
28 support for their assertions, the Court finds that "the absence of factual allegations pertinent to

5

the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). The Court therefore concludes that the Viatical Investment Defendants have failed to demonstrate by a preponderance of the evidence that the $5,000,000 threshold is satisfied.

### 2. The Viatical Investment Defendants Fail to Demonstrate that the Numerosity Requirement is Met.

Defendants must also demonstrate the numerosity requirement by a preponderance of the evidence. *See Abrego Abrego*, 443 F.3d at 685. Again, however, the only information provided by the Viatical Investment Defendants is conclusory and fails to meet this standard. *See Lowdermilk*, 479 F.3d at 1002; *Lindsey v. Alabama Telephone Company*, 576 F.2d 593, 595 (5th Cir. 1978); *Lowery*, 483 F.3d at 1215.

In *Lowdermilk*, the plaintiff did not assert the putative class size, while the defendant speculated as to the class size in order to establish removal jurisdiction. 479 F.3d at 1001. The Ninth Circuit affirmed the district court's remand of the action to state court on the basis that "until the parties are able to more definitively ascertain the potential size of the class or the extent of the damages, we cannot base our jurisdiction on Defendant's speculation and conjecture." *Id.* The Fifth Circuit similarly held in *Lindsey* that neither the defendant nor the district court were in the position to speculate as to the class size when the "complaint nowhere alleges the number of persons in the class." 576 F.2d at 595. The *Lindsey* court relied upon the oft-echoed paradigm that the plaintiff is master of his complaint, and therefore held that absent a showing of bad faith, a plaintiff may eschew federal jurisdiction in favor of state jurisdiction by pleading, or avoiding pleading, certain facts in the complaint. *Id.*; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 298-99 (1987); *Lowdermilk*, 479 F.3d at 998-99.

Similar to both *Lowdermilk* and *Lindsey*, Coit's Complaint and the Viatical Investment Defendants' Notice of Removal fail to specify the size of the putative class. Coit maintains that she cannot properly assert the class size because the Viatical Investment Defendants possess all of the records containing purchasing information and have failed to furnish her with these documents. (Br. at 10.) *See also Lowdermilk*, 479 F.3d at 1002 (finding "if the Defendant, who

6

is the only party with access to its [] records cannot more accurately approximate the class size, Plaintiff cannot be expected to plead her case with any more specificity than she did"). In fact, the only figure pertaining to class size mentioned in either the Complaint or Notice of Removal appears in the Viatical Investment Defendants' hypothetical, which speculates about a class of thirty-five. (Notice of Removal ¶ 10.) The Viatical Investment Defendants attempt to cure this defect in their opposition, as the accompanying affidavit states that 106 California residents purchased viatical settlements from the Viatical Investment Defendants. (Thompson Aff. ¶ 4.) The court in *Lowery*, however, noted that defendants can and should provide evidence in order to demonstrate such conclusory assertions in the removing documents. 483 F.3d at 1215. Problematically, Thompson does not provide any additional information as to how he arrived at this number, nor does he provide an attached declaration or document briefly summarizing why 106 individuals comprise the putative class. Because of the failure to support his assertions, the Court finds that the Viatical Investment Defendants fail to demonstrate numerosity by a preponderance of the evidence. *See id.* ("the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts"). Therefore, the Court concludes that it must remand the action to state court because the Viatical Investment Defendants have failed to provide any factual support and evidence in either the Notice of Removal or the Opposition to bolster their claim that CAFA's numerosity requirement is met.

## CONCLUSION

For the foregoing reasons, Coit's motion to remand is GRANTED. This matter shall be remanded to the Superior Court for the County of Alameda.

**IT IS SO ORDERED.**

Dated: August 6, 2008

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7